Date signed September 01, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| EMMA GENE JACKSON : | Case No. 05-22135PM |
| : | Chapter 7 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |

### MEMORANDUM OF DECISION

Before the court is a Reaffirmation Agreement and Order executed by the Debtor and Citifinancial, Inc.  The Agreement prepared by Citifinancial proposes that the Debtor pay $11,753.42 and reaffirm the obligation to Citifinancial that is secured by a 1994 Mercury Sable GS Sedan.

The vehicle has approximate mileage of 109,000.  The most recent Kelley Blue Book valuation of the subject property shows a trade-in value ranging from $590.00 for a vehicle in fair condition to $1,050.00 for a vehicle in excellent condition.  It appears that paying $11,753.42 for this vehicle, together with an undisclosed rate of interest, does not meet the standard found in § 524(c)(6)(A) of the Bankruptcy Code that the court find that this Agreement is in the best interests of the Debtor, particularly in view of the possibility of her filing a motion to redeem the vehicle and paying anywhere from $590.00 to $1,050.00 in cash and thus having the lien of Citifinancial released.

The reaffirmation hearing for debtors not represented by counsel was created precisely to deal with the instant situation where an avaricious creditor seeks to take undue advantage of an unsophisticated debtor and to destroy completely the advantage of the bankruptcy discharge.  *Cf.* Arnold B. Cohen, *Issues in Consumer Bankruptcy*, 2 J. Bankr L. and Prac. 323, 325 (1993); 2

David G. Epstein, Steve H. Nickles and James J. White, *Bankruptcy* § 7-35 (1992). *See In re Kamps*, 217 B.R. 836, 842-43 (BC C.D. Cal. 1998) ("The substantive and procedural conditions for a valid reaffirmation agreement require that a bankruptcy court devote substantial attention to such an agreement by a debtor who is unrepresented by counsel .... [so as] to make sure that the agreement has not been infected with fraud or false information or promises by the creditor."); *In re Nidiver*, 217 B.R. 581 (BC D. Neb. 1998) (Where debtor is not represented by counsel, reaffirmation agreements that involve substantial detriment to debtor with no corresponding benefit should not be approved by the court.); *In re Latanowich*, 207 B.R. 326, 335 (BC D. Mass. 1997) (Section 524(c)(6)(a) "protects debtors from reaffirming debts improvidently-...because they fall victim to overreaching creditors, or for whatever reason - by interposing the independent review and judgment of the court.").

An appropriate order will be entered.

cc:
Emma Gene Jackson, 1475 W. Key Parkway, #C-1, Frederick, MD 21702
Citifinancial, Inc.
  (1) Attn: Denise P. Spindle, Branch Mgr., 1014 W. Patrick Street, Frederick, MD 21702
  (2) c/o Corporation Trust Incorporated, 300 East Lombard Street, Baltimore, MD 21202
Steven H. Greenfeld, Trustee, 7101 Wisconsin Avenue, Suite 1200, Bethesda, Md. 20814

**End of Memorandum**